**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

BRANDON KYLE ROBERTS,
ADC #652423                                                                                                     PLAINTIFF

V.                                       5:14CV00051-KGB-JTK

JIMMY COLEMAN, et al.                                                                                DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS
INSTRUCTIONS**

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.    Why the record made before the Magistrate Judge is inadequate.

2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.    The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-

testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**DISPOSITION**

Plaintiff Roberts, a state inmate confined at the Cummins Unit of the Arkansas Department of Correction (ADC), filed this pro se 42 U.S.C. § 1983 action, alleging several Constitutional violations associated with a disciplinary charge filed against him by Defendant Coleman, and Defendant Lay's subsequent investigation. Plaintiff asks for monetary and injunctive relief from Defendants.

**I.     Screening**

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S.

519, 520 (1972). The Court must also weigh all factual allegations in favor of the Plaintiff, unless the facts alleged are clearly baseless. <u>Denton v. Hernandez</u>, 504 U.S. 25, 32 (1992); <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974). But regardless whether a plaintiff is represented or appearing <u>pro se</u>, his complaint must allege specific facts sufficient to state a claim. <u>See</u> <u>Martin v. Sargent</u>, 780 F .2d 1334, 1337 (8th Cir. 1985).

Following the United States Supreme Court's opinion in <u>Ashcroft v. Iqbal</u>, to survive a court's 28 U.S.C. § 1915(e)(2) and 42 U.S.C. § 1997e(c)(1) screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." 556 U.S. 662, 678, (2009), <u>citing</u> <u>Twombly</u>, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. <u>Id</u>. at 556. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." <u>Id</u>. at 556-7.

**II.     Facts and Analysis**

In his Amended Complaint,[1] Plaintiff alleges that Defendant Coleman subjected him to the threat of physical harm by falsely accusing him of a homosexual act in a disciplinary charge. (Doc. No. 5, p. 5.)[2] Plaintiff states he is a known member of an "all white organization" which frowns on homosexual activities, and Coleman's actions placed him at risk of physical harm. (<u>Id</u>., p. 6.) Plaintiff

---

[1]Noting that the allegations set forth in his Original Complaint failed to state a claim upon which relief could be granted, the Court provided Plaintiff the opportunity in which to file an Amended Complaint, by Order dated February 20, 2014 (Doc. No. 3).

[2]While Plaintiff does not elaborate in his Amended Complaint, he stated in his Original Complaint that Coleman investigated an accusation that Plaintiff "masterbated" on another inmate. (Doc. No. 2, p. 6.)

also claims that Defendant violated ADC regulations when he improperly relied on a confidential statement when charging him with the violation, which resulted in Plaintiff's "false imprisonment" in solitary confinement. (Id., pp. 4, 5.) Plaintiff also alleges that Coleman's conduct resulted in a "hit" on Plaintiff, and his subsequent placement in protective custody. (Id., p. 6.)

Plaintiff alleges that as Warden, Defendant Lay negligently failed to investigate Coleman's actions, and violated policies and procedures by upholding Plaintiff's conviction based on a confidential statement. (Id., p. 4.) Plaintiff asks for damages for emotional distress, negligence, and false imprisonment, together with restoration of lost class and expungement of his disciplinary violation, and transfer to another state. (Id., p. 8.)

Having carefully examined Plaintiff's Amended Complaint, the Court finds that it should be dismissed for failure to state a claim upon which relief may be granted, for the following reasons.

  **A.**  **Disciplinary**

Plaintiff's claim for damages for an alleged false disciplinary charge fails to support a claim. A false disciplinary charge is not itself a constitutional violation. Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989). According to Plaintiff, as a result of his conviction, he was sentenced to solitary confinement (punitive isolation), and a reduction in class. (Doc. No. 5, pp. 4, 8.) Plaintiff, however, does not have a constitutionally protected interest in a particular classification. Madewell v. Roberts, 909 F.2d 1203, 1207). And, neither his placement in punitive following the December 15, 2013 charge, nor his current incarceration in protective custody, constitute an "atypical and significant" hardship which would give rise to due process protection. Sandin v. Conner, 515 U.S. 472, 482-4 (1995). The United States Court of Appeals for the Eighth Circuit has held that "administrative and disciplinary segregation are not atypical and significant hardships under *Sandin*." Portly-El v. Brill, 288 F.3d 1063, 1065 (8th Cir. 2002). Plaintiff does not mention any conditions of his confinement in

punitive or in protective custody which would support a finding of atypical and significant. Therefore, his allegations concerning the disciplinary charge and conviction do not support a Constitutional claim for relief.

### B. Negligence/Violation of Procedures

Allegations of negligent actions do not support an Eighth Amendment claim under § 1983. Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Furthermore, allegations that Defendants violated ADC policies or procedures does not state a constitutional claim for relief. "[T]he mere violation of a state law or rule does not constitute a federal due process violation." Williams v. Nix, 1 F.3d 712, 717 (8th Cir. 1992). Therefore, Plaintiff's claims that Defendants acted with negligence and violated ADC policies with respect to the disciplinary charge filed against him fail to state a Constitutional claim.

### C. Failure to Protect

Plaintiff's claim against Defendant Coleman is essentially a failure to protect claim arising under the Eighth Amendment, which is comprised of two elements. First, an "inmate must show that [he] is incarcerated under conditions posing a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Second, the inmate must establish that the defendant prison official recklessly disregarded that risk. Jackson v. Everett, 140 F.3d 1149, 1151 (8th Cir.1998).

Plaintiff has not presented any evidence he was incarcerated under a serious risk of harm. Plaintiff's allegation against Defendant Coleman is, "on dec 15th knowing that I am affiliated with an all white organization I believe that Jimmy Coleman acted maliciously and made a bias decision that resulted in me being subjected to future beatings stabbings and removal of tattoos. He did in fact put me in the balance and subjected me to physical harm by falsely accusing me of homosexual act." (Doc. No. 5, p. 5.) Later, he states, "his negligence and unprofessional conducted caused me a great

deal of harrassment and emotional distressed.... he put me at risk for all preditors. And I would be subjected to defend myself in situations as they arosed." (Id., pp. 5-6.) Plaintiff, does not, however, specifically allege that he was harmed in any way by any inmate, or that Defendant Coleman was aware of a substantial risk of harm to him. He admits that he spent time in solitary confinement (punitive) following his conviction, and that he is now incarcerated in protective custody because "I have a 'hit' out on me all because of Captain Coleman accusations." (Id, pp. 5-6.) He also does not sue for damages for physical injuries, but rather for emotional distress.

Considering all of these allegations as a whole, the Court finds that Plaintiff fails to support a claim against Coleman because he does not allege Defendant knowingly placed him in harm's way or that he suffered harm. "Generally, mere verbal threats made by a state-actor do not constitute a § 1983 claim." King v. Olmsted County, 117 F.3d 1065, 1067 (8th Cir. 1997), quoting Hopson v. Fredericksen, 961 F.2d 1374, 1378 (8th Cir. 1992). In addition, the "Constitution does not protect against all intrusions on one's peace of mind. Fear of emotional injury which results solely from verbal harassment or idle threats is generally not sufficient to constitute an invasion of an identified liberty interest." King, 117 F.3d at 1067, quoting Pittsley v. Warish, 927 F.2d 3, 7 (1st Cir. 1991).

### D. Respondeat Superior

Plaintiff's allegations against Defendant Lay appear to be based on his supervisory position as Warden and his failure to properly investigate and overturn the disciplinary conviction. Supervisor liability is limited in § 1983 actions, and a supervisor can not be held liable on a theory of respondeat superior for his or her employee's allegedly unconstitutional actions. See White v. Holmes, 21 F.3d 277, 280 (8th Cir. 1994). A supervisor incurs liability only when personally involved in the constitutional violation or when the corrective inaction constitutes deliberate indifference toward the violation. Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993). In particular, the plaintiff must

6

show that the supervisor knew about the conduct and facilitated it, approved it, condone it, or turned a blind eye to it. Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995). See also Otey v. Marshall, 121 F.3d 1150, 1155 (8th Cir. 1997) ("Section 1983 liability cannot attach to a supervisor merely because a subordinate violated someone's constitutional rights.")  Given the fact that this Court finds that Plaintiff fails to support a constitutional claim against Defendant Coleman based on the filing of the disciplinary charge against him, the Court finds that any allegations of knowledge by Defendant Lay also fail to support a claim.  In addition, Plaintiff does not allege any knowledge or personal participation prior to the filing of the disciplinary charge.  Therefore, the allegations against Defendant Lay also should be dismissed for failure to state a claim upon which relief may be granted.

### III.   Conclusion

IT IS, THEREFORE,  RECOMMENDED that:

1.      Plaintiff's Amended Complaint against Defendants be DISMISSED, for failure to state a claim upon which relief may be granted.

2.      Dismissal of this action constitute a "strike" within the meaning of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g).[3]

3.      The Court certify that an in forma pauperis appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. § 1915(a)(3).

---

[3]The statute provides that a prisoner may not file an in forma pauperis civil rights action or appeal if the prisoner has, on three or more prior occasions, filed an action or appeal that was dismissed as frivolous, malicious or for failure to state a claim, unless the prisoner is under imminent danger of serious physical injury.

IT IS SO RECOMMENDED this 27th day of February, 2014.

                                                                                         _____
                                                                                         JEROME T. KEARNEY
                                                                                         UNITED STATES MAGISTRATE JUDGE