## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

**BRANDON KYLE ROBERTS,**
**ADC #652423**                                                                                    **PLAINTIFF**

**v.**                                        **Case No. 5:14-cv-00051-KGB-JTK**

**JIMMY COLEMAN, et al.**                                                                **DEFENDANTS**

### ORDER

The Court has received proposed findings and recommendations from United States Magistrate Judge Jerome T. Kearney (Dkt. No. 6).  Plaintiff Brandon Kyle Roberts has filed motions for order, re-hearing, and introduction of an exhibit (Dkt. Nos. 7, 8, 9).  After a review of the proposed findings and recommendations, Mr. Roberts's subsequently filed motions, and a *de novo* review of the record, the Court adopts the proposed findings and recommendations in their entirety as this Court's findings and dismisses Mr. Roberts's claims.

Mr. Roberts, an inmate incarcerated at the Cummins Unit of the Arkansas Department of Correction ("ADC"), filed this *pro se* 42 U.S.C. §1983 action alleging several constitutional violations associated with Captain Jimmy Coleman's disciplinary charge filed against Mr. Roberts and Warden Gaylin Lay's subsequent investigation.  Mr. Roberts seeks monetary and injunctive relief from defendants.  The underlying disciplinary action resulted from an incident in which Mr. Roberts was found guilty of being in another inmate's cell with his genitals exposed; Mr. Roberts claims that Captain Coleman's purportedly false accusations subjected Mr. Roberts to the threat of physical harm (Dkt. No. 9).

Judge Kearney's proposed findings and recommendations recommend to this Court dismissing Mr. Roberts's complaint for failure to state a claim upon which relief may be granted. Mr. Roberts subsequently filed motions that contain additional information regarding his existing claims and that purport to assert additional claims, including due process claims and a jurisdictional claim.  The additional information provided by Mr. Roberts in regard to his

existing claims amounts to conclusory statements that do not assist Mr. Roberts in stating a claim upon which relief may be granted.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  With regard to his existing claims as addressed in the proposed findings and recommendations, the Court adopts the recommendations of Judge Kearney in their entirety (Dkt. No. 6).

In regard to Mr. Roberts's attempt to assert additional claims in his recent filings, this Court will address each of the purported additional claims in turn.  The Court determines that these allegations also fail to state a claim upon which relief may be granted and, therefore, should be dismissed.  First, Mr. Roberts claims that by not disclosing or allowing him to confront the confidential informant upon whom Captain Coleman relied, the defendants violated his Sixth and Fourteenth Amendment rights.  The Supreme Court has recognized that, in an institution in the face of safety concerns, "[c]onfrontation and cross-examination present . . . hazards to institutional interests"; that "[i]f confrontation and cross-examination of those furnishing evidence against the inmate were to be allowed as a matter of course, as in criminal trials, there would be considerable potential for havoc inside the prison walls"; and that "they are not rights universally applicable to all hearings."  *Wolff v. McDonnell*, 418 U.S. 539, 567 (1974).  As a result, Mr. Roberts's constitutional rights were not violated based on an alleged inability to confront the confidential informant upon whom Captain Coleman relied.  Accordingly, this Court finds that Mr. Roberts's allegations in this regard fail to state a claim upon which relief may be granted.

Second, Mr. Roberts asserts that "the investigation only took 2 days and [he] was never questioned on the facts of the disciplinary."  With regard to the length of the investigation, there is no constitutional requirement that a disciplinary investigation last a certain length of time.

With regard to the content of the disciplinary investigation, while the Supreme Court has said that "the inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals," there is no requirement that the investigation include questioning the prisoner. *Id*. at 566. Further, while Mr. Roberts states that he was "never questioned," the record does not indicate that he was denied the opportunity to call witnesses and present documentary evidence in his defense. Mr. Roberts also claims that it is against ADC policy to base a disciplinary on a confidential statement, but, even if this were a policy of the ADC, violation of this alleged policy would not on its own amount to a violation of the federal constitution or any other federal law. For these reasons, the Court determines these allegations fail to state a claim upon which relief may be granted.

Third, Mr. Roberts alleges that Warden Lay maliciously and deficiently reviewed his disciplinary in violation of his Sixth Amendment right to a fair and impartial trial. Mr. Roberts's complaint, combined with these motions and his other filings, does not plead sufficient factual content to allow the Court to draw that reasonable inference or the reasonable inference that Warden Lay is liable for the misconduct alleged. *Twombly*, 550 U.S. at 556. Judge Kearney in his recommendations addressed the merits of this issue.

Mr. Roberts, citing the Prison Rape Elimination Act ("PREA"), also claims that the ADC did not have jurisdiction over his disciplinary proceeding because it was "sex related and subject to state court for determination." Mr. Roberts further states that the ADC's exercise of jurisdiction over his disciplinary proceeding violated his Sixth and Fourteenth Amendment rights. However, the PREA did not alter or amend jurisdiction of disciplinary actions which may

be properly situated within a prison system.  For this reason Mr. Roberts's jurisdictional claim is without merit.

Lastly, Mr. Roberts filed a "motion to excuse all unexhausted remedies" (Dkt. No. 7) and a motion to introduce exhibit number one (Dkt. No. 9).  The Court has reviewed both of these filings and finds that no evidence therein aids any of the claims discussed above that Mr. Roberts seeks to advance.  Therefore, both of these motions are denied as moot in the light of this Court's adopting in its entirety as this Court's findings the recommendations of Judge Kearney.

After a review of the proposed findings and recommendations and the subsequent motions filed by Mr. Roberts, as well as a *de novo* review of the record, the Court adopts the proposed findings and recommendations in their entirety (Dkt. No. 6).  The Court also denies Mr. Roberts's subsequently filed motions (Dkt. Nos. 7, 8, 9) and dismisses Mr. Roberts's claims with prejudice.

Accordingly, it is therefore ordered that:

1.      Mr. Roberts's amended complaint against defendants is dismissed for failure to state a claim upon which relief may be granted.

2.      Dismissal of this action constitutes a "strike" within the meaning of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g).

3.      The Court certifies that an *in forma pauperis* appeal from an Order and Judgment dismissing this action would not be taken in good faith, pursuant to 28 U.S.C. §1915(a)(3).

An appropriate Judgment shall accompany this Order.

SO ORDERED this 24th day of July, 2014.


_____
Kristine G. Baker
United States District Judge